IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50685
Summary Calendar
_____


GEORGE D. IVEY,

                                    Plaintiff-Appellant,

                        versus

        HASSEL R. TERRY, Warden; ET AL,

                                    Defendants,

  HASSEL R. TERRY, Warden; JIMMY R. LAWSON, Major; BENNY BOYKIN,
   Captain; RODNEY GERBERT, Administrative Technician IV; REX
              MOORE, Grievance Inspector II,

                                    Defendants-Appellees.


                    --------------------
            Appeal from the United States District Court
                 for the Western District of Texas
                      USDC No. W-99-CV-385
                    --------------------
                        June 13, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        George D. Ivey, Texas state prisoner # 824316, appeals from

the district court's grant of summary judgment for the defendants

on his civil rights claims.  Because no fact issue existed on the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

question whether the defendants had the requisite knowledge of a substantial risk of harm, the district court did not err in granting summary judgment for the defendants on Ivey's failure-to-protect claim. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). Ivey's conclusory allegations and unsubstantiated assertions were not sufficient to satisfy his summary judgment burden as to his claims that the defendants lied in an attempt to "cover up" the assault. See id.

Ivey has provided no controlling authority for his argument that the district court had an affirmative duty to advise him as to his burden in responding to the defendants' summary judgment motion with affidavits or otherwise. He has identified no error in the district court's grant of summary judgment without allowing the parties to conduct further discovery. See Izen v. Catalina, 256 F.3d 324, 330 (5th Cir. 2001) (citing Siegert v. Gilley, 500 U.S. 226 (1991)).

The district court did not abuse its discretion in implicitly denying Ivey's motion to file a second amended complaint. See FED. R. CIV. P. 15(a); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981). Ivey has identified a no more than a mere clerical error in the district court's assertion, in its summary judgment order, that Ivey was incarcerated at the "Hughes Unit" of the Texas Department of Criminal Justice-Institutional Division. This apparent clerical error does not, standing alone, cast any

doubt on the propriety of the district court's grant of summary judgment for the defendants.

AFFIRMED.